## Z. S. Holbrook v. The Electric Appliance Co.

1. RESCISSION OF CONTRACTS—*What Amounts to.*—Any circumstance or course of conduct from which can be clearly deduced an agreement to put an end to the orignal contract, will amount to a rescission of it.

Assumpsit, on a contract of guaranty. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed June 19, 1900.

JOHN J. SYMES, attorney for appellant.

ELA, GROVER & GRAVES, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

Appellee brought suit against appellant on certain contracts of guaranty, entered into by him, by the terms of which he guaranteed to appellee the payment for certain telephone apparatus and supplies, sold and delivered by appellee to the Muncie Telephone Company, of Muncie, Indiana.

From a judgment of $1,031.16, recovered against appellant, this appeal is prosecuted.

The declaration consisted of four special counts, and the common counts. The first count declares on a guaranty executed by appellant, March 8, 1897, guaranteeing the payment of "two 100-drop American telephone boards, common return," to be sold and delivered to the Muncie Telephone company, said guaranty being as follows:

"In consideration of shipment of above goods, the same to be guaranteed as satisfactory, I guarantee the payment of the same thirty days after shipment; the amount being $400.

Z. S. HOLBROOK."

The second count declares on a guaranty executed by appellant, March 12, 1897, guaranteeing the payment of certain telephone supplies, to be sold and delivered at the Muncie Telephone Company, said guaranty being as follows:

" I guarantee payment of above in thirty days from shipment, goods being guaranteed to be satisfactory.

Z. S. HOLBROOK."

The third count declares on a guaranty executed by appellant, September 6, 1897, whereby, in consideration that the Electric Appliance Company will sell and deliver to the Muncie Telephone Company three new 100-number American switchboards, and two extra 100-number switchboards, including the trunking system, and guarantee said switchboards to give satisfaction, and give sixty days' trial on each board, he guaranteed the payment of the same as follows:

" I hereby consent to remain as guarantor for the Muncie Telephone Company the same as heretofore, conditioned upon your fulfilling your promise."

The fourth count declares on an undertaking alleged to have been entered into by appellant on September 6, 1897, that if the Electric Appliance Company would sell and deliver certain goods of the value of $1,200 to the Muncie Telephone Company, and guarantee said goods to be satisfactory and give sixty days' trial, he would guarantee payment of said goods. Each one of the counts contained allegations of delivery of goods, that they gave satisfaction, of non-payment and of damages.

Appellant pleaded the general issue with an affidavit of merits, and filed notice that he would, under the general issue, introduce evidence that he was sued as guarantor of the Muncie Telephone Company; that the appellee sold to the said Muncie Telephone Company two certain electrical apparatus, commonly known as switchboards, and guaranteed them to be of first-class workmanship and material, and warranted them to be satisfactory; that in consideration of the premises, appellant guaranteed the payment of said switchboards; that the switchboards were not of first-

class workmanship and material, and were unsatisfactory to such an extent that said boards were returned to plaintiff at its own request, and five other certain switchboards were substituted, upon the same terms and conditions as the first two; that these last switchboards were also defective, and that as a consequence of such defects the said Muncie Telephone Company lost a large number of contracts and patrons, to the damage of said Muncie Telephone Company in an amount far exceeding the amount claimed by appellee against appellant.

Appellant chiefly relies upon assigned errors that call in question the refusal by the court to admit certain offered evidence in respect of damages claimed, by way of recoupment or set-off, to have been sustained by the Muncie Telephone Company in the matter of three switchboards that were first shipped to that company, two only of which, are referred to in the first count of the declaration, or in appellant's notice of special defense.

So far as we can discover, the appellant was never connected with a sale and delivery of any but two switchboards in March, 1897. Certainly the terms of his guaranty apply to none but the two switchboards mentioned in the invoice upon which it was written. Even appellant in his brief concedes as much, for he there says:

" First, it (the Muncie Company) negotiated for the two set out in the contract declared upon in the first count; then it apparently negotiated for a third, but under what terms does not appear in evidence."

But assuming that the offer of evidence was, in effect, broad enough to include either two or three of the switchboards that were first sold and delivered by the appellee to the Muncie Company, was it improperly refused? We think not.

It is entirely plain from the evidence and is practically admitted that no one of the three switchboards worked satisfactorily, and that they were all returned to the appellee and their return accepted. In connection with the return of those boards it was agreed between appellee and the

Muncie Company that the former should furnish five other switchboards, guaranteed to give satisfaction, and to be paid for within fifteen days after a satisfactory trial of them for sixty days. On account of the price of these five boards it was agreed that the $200 that had been paid for the third one of the first three boards should be applied, and that appellant should guarantee the payment of the balance, which he did, as set forth in the third count of the declaration. The promise referred to by appellant in his said contract of guaranty, has reference to the terms upon which appellee agreed to furnish the five switchboards, as just stated.

After that new arrangement was carried into effect the appellee had no longer any claim against either the Muncie Company, or appellant as guarantor, for or on account of the three returned switchboards, nor had the Muncie Company any longer any claim against appellee growing out of the transaction connected with the three switchboards. No right in respect thereof was reserved by either party. The old deal was entirely abrogated and whatever right either party has against the other must be confined exclusively to the last transaction with reference to the five new switchboards. Moreover, appellee, at the trial, expressly abandoned the first count of its declaration.

It was proper, therefore, that the trial court should rule, as it did, that all evidence of damages by way of recoupment or set-off must be confined to the other sales and guaranties under which a recovery was sought.

Even though we assume, as argued in behalf of appellant, that the promise referred to by appellant in his last contract of guaranty relates back to the condition of his first guaranty that the original two switchboards should prove satisfactory to the Muncie Company, the result would be the same. We may readily concede that the original switchboards were to be satisfactory to the Muncie Company, and that they were not satisfactory—indeed that they were so unsatisfactory that appellee of its own accord took them back—yet the return of them by the Muncie

Company under the substituted agreement for five new switchboards, with the application for payment on account of the price for the latter of all that had been paid on the first, and no question of damages sustained because of the defects of the first ones being reserved, worked a complete abrogation and satisfaction of the old and the making of a new and separate agreement.

"Any circumstance or course of conduct from whence can be clearly deduced an agreement to put an end to the original contract, will amount to a rescission of it." Harrison v. Polar Star Lodge, 116 Ill. 279. See also Stow v. Russell, 36 Ill. 18.

There is a seeming inconsistency between the ruling of the court in respect of the rejection of the evidence referred to, and the giving of the third instruction requested by appellant, but the instruction was of appellant's asking, and though all evidence to which the instructions could relate was excluded, it could not possibly have done him harm. As to the other instructions, either given or refused, we perceive no error, and see no occasion to comment at length concerning them.

We are relieved from all necessity of examining as to whether there was sufficient evidence to sustain a right of appellant to recoupment for damages growing out of any except the first transaction concerning a sale of the original switchboards that were returned, for appellant in his reply brief says:

"While the five boards covered by the September contract had proved far from satisfactory to the Muncie Company, appellant did not seek or attempt to claim any specific damages on account thereof. His attempt at recoupment was directed against the first two boards."

The court having ruled properly in respect of the offer to show damages because of the returned switchboards, and no other damages being claimed, nothing further remains to be treated of in that regard.

Error being claimed because of the verdict including interest, and appellee conceding in its brief that interest to some extent was allowed by the jury, we might perhaps consider

the question, if it were made to appear by the evidence, or even by agreement of counsel, how much of the verdict was so made up, in order that we might correct the excessiveness of the verdict, if any, in that respect, by requiring a remittitur as a condition of affirmance. But the judgment being in all other respects right, we do not feel at liberty to reverse it for so indefinite an error, the question not appearing to have been embodied in any instruction to the jury, or otherwise passed upon by the trial court.

The judgment of the Circuit Court will therefore be affirmed.